IN THE SUPREME COURT OF THE STATE OF DELAWARE

ESTIL H. LANHAM, § 
§ No. 665, 2015
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1403019358
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: January 11, 2016
Decided: March 23, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 23rd day of March 2016, it appears to the Court that:

(1) The appellant, Estil H. Lanham, is incarcerated at the James T. Vaughn Correctional Center. On December 9, 2015, Lanham filed a notice of appeal from his Superior Court conviction and sentencing on November 6, 2015, on a violation of probation. On its face, the notice of appeal was untimely filed. Under Supreme Court Rule 6, the appeal was due to be filed within thirty days of Lanham's November 6 sentencing, *i.e.*, on or before December 7, 2015.[1]

---

[1] *See* Del. Supr. Ct. R. 6(a)(iii) (providing that a notice of appeal must be filed within thirty days of sentencing).

(2) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2] The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[3]

(3) On December 28, 2015, the Clerk issued a notice directing Lanham to show cause why the appeal should not be dismissed as untimely filed.[4] Lanham filed a response to the notice, asserting that the appeal was timely filed because the notice of appeal was postmarked on November 30, 2015, within thirty days of his sentencing on November 6, 2015. Lanham also explained that he had difficulty filing the notice of appeal because he had no access to the prison law library "to obtain necessary paperwork and information related to filing [the] appeal."

(4) Lanham's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal. Lanham is mistaken that a notice of appeal is considered timely filed on the date it is postmarked.[5] "Mailing a notice of appeal within the applicable time period does not constitute compliance with the jurisdictional

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[4] Del. Supr. Ct. R. 29(b).
[5] *See, e.g., Smith v. State*, 47 A.3d 481, 482 (Del. 2012) (concluding that notice of appeal postmarked on the final day of the appeal period was untimely filed when appeal was not received until one day after the deadline).

requirement governing this Court."[6]  Under Delaware law and procedure, an appeal is considered filed when it is received by the Clerk, not when it is postmarked or deposited in the mail.[7]  An appellant's status as a *pro se* prisoner does not excuse a failure to file a timely notice of appeal.[8]

(5)  Lanham does not contend, and the record does not reflect, that the delay in filing the notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[6] *Hester v. State*, 2013 WL 994062 (Del. Mar. 12, 2013) (citing *Smith*, 47 A.3d at 486)).
[7] Del. Supr. Ct. R. 6(a), 10(a).  *Ways v. State*, 2015 WL 1012931 (Del. Mar. 6, 2015) (citing *Smith*, 47 A.3d at 482, 486-87)).
[8] *Alford v. State*, 2013 WL 3484679 (Del. July 8, 2013) (citing *Carr*, 554 A.2d at 779)).